CITY OF MOBRIDGE, Appellant, v. BROWN, Respondent.

(164 N. W. 94.)

(File No. 4126.   Opinion filed August 7, 1917.)

1.  **Municipal Corporations—Building Permit—One-story Building, Ordinance Forbidding, Exceeding Statutory Authority—Police Power.**

    In a suit to enjoin defendant from constructing a one-story building within fire limits, **held**, that an ordinance prohibiting the erection of a one-story building in certain territory, was in excess of statutory authority, and exceeded the city's power.

2.  **Same—Enjoining Erection of Building in Fire Limits—Judicial Interference With Police and Administrative Powers—Rule.**

    Generally, judicial tribunals will not interfere with municipal corporations and their internal police and administrative government, unless they are transcending their power, or some clear right has been withheld or wrong purported or threatened.

3.  **Same—Building. Ordinance Uniform, Not Arbitrary, Action, Under—Rule.**

    To sustain a building ordinance, it must be subject to a uniform rule of action, and cannot depend upon the arbitrary decision of city authorities, and **held**, in a suit by a city and another to enjoin defendant from constructing a one-story building within fire limits, where the answer alleges that specifications for the building complied in all respects with law and ordinances, that the action of the city commission in refusing permit is willful, selfish, arbitrary, malicious, and for purpose of injurying, annoying, etc., defendant, and of allowing a city commissioner to complete and get in operation a moving picture show in an adjacent building in process of erection by co-plaintiff, etc., that the judgment and discretion exercisable by city authorities are not to be arbitrarily exercised, but should be centered upon question whether applicant for permit intends to comply with the ordinances, if he does he is entitled to the permit; that the enforcement of ordinances, as disclosed by the owner was arbitrary and unlawful, and the answer stated a good defense.

Appeal from Circuit Court, Walworth County.   Hon. JOSEPH H. BOTTUM, Judge.

Action by the City of Mobridge and another, against A. H. Brown, to enjoin defendant from constructing a building within fire limits.   From an order overruling a demurrer to defendant's answer, plaintiff appeals.   Affirmed.

*J. E. Clayton,* and *P. C. Morrison,* for Appellant.

*Brown & Smith,* for Respondent.

(2) To point two of the opinion, Appellant cited: City of St. Louis v. Boffinger, 19 Mo. 105; City of Detroit v. Circuit Judge, 79 Mich. 384, 44 N. W. Rep. 622; City of Detroit v. Hosmer, 44 N. W. 622; City of Huron v. Campbell, 53 N. W. 182; McQuillian Mun. Corp. Sec. 377.

(3) To point three of the opinion, Appellant cited: City of Olympia v. Mann, 12 L. R. A. 150; 1 Dillon Mun. Corp. Sec. 94, and notes.

Respondent cited: Boyd v. Board of Council of Frankfort, 111 Am. St. Rep. 240; Same case, 117 Ky. 199, 77 S. W. 669.

GATES, P. J. Defendant applied to plaintiff city, a city under the commission form of government, for a permit to erect a one-story brick building within the fire limits of the city. The permit was granted, then revoked, and this action was brought by the city and P. C. Morrison to enjoin defendant from constructing the building. Plaintiff city appeals from an order overruling a demurrer to one of the separate defenses contained in defendant's answer.

This defense alleges among other things, that the defendant's proposed building is to be erected for the purpose of a moving picture show; that the specifications therefor in all respects comply with the laws and ordinances of the city; that the action of the board of commissioners of the city in refusing the permit is willful, selfish, arbitrary, malicious, and without excuse, and for the purpose of injuring, annoying, damaging, and harassing defendant and for the purpose of allowing one of the city commissioners to complete and get in operation a moving picture show in the adjacent building in process of erection by co-plaintiff Morrison, and that during the time between the granting of the permit and its revocation defendant purchased a large quantity of building material for his building. The specifications for the building, set out in full in the answer, show that they complied with the ordinances of the city, except the ordinance prohibiting the erection of a one-story building upon certain territory, including defendant's lot.

[1] We find no statutory authority for the latter ordinance; hence it exceeded the city's power. The only question remaining is whether the answer set up a defense, viz., whether the city commissioners may arbitrarily refuse a building permit to one

who has complied, or plans to comply, with all the laws and ordinances of the city in respect to building operations.

[2] Much elementary matter is urged in the brief asserting the independence of the legislative and administrative departments of the government from interference by the judicial power, with which we entirely agree; but the answer in this case takes it out of the operation of the ordinary rule. We grant that the general rule is clearly stated in Dillon on Mun. Corp. § 95.

"Generally the judicial tribunals will not interfere with municipal corporations in their internal police and administrative government, unless they are transcending their powers, or some clear right has been withheld, or wrong perpetrated or threatened."

But the answer in the present case alleges facts which show that the city did abuse its discretion in refusing the permit.

[3] To sustain a building ordinance, in the first place, it must be subject to a uniform rule of action, and cannot depend upon the arbitrary decision of the city authorities. 4 R. C. L. 395; City of Sioux Falls v. Kirby, 6 S. D. 62, 60 N. W. 156, 25 L. R. A. 621; State v. Tenant, 110 N. C. 609, 14 S. E. 387, 15 L. R. A. 423, 28 Am. St. Rep. 715.; Bostock v. Sams, 95 Md. 400, 52 Atl. 665, 59 L. R. A. 282, 93 Am. St. Rep. 394; Boyd v. Board, 117 Ky. 199, 77 S. W. 669, 111 Am. St. Rep. 240. In Mc-Quillin, Mun. Corp. § 949, the rule is stated thus:

"The ordinance exacting a permit, of course, must prescribe reasonable conditions and uniform regulations, and avoid the delegation of power, or the conferring of authority arbitrary in its nature upon the office or department charged with the duty and responsibility of administering the law."

The judgment and discretion that may be exercised by the city authorities are not to be arbitrarily exercised, but are to be centered upon the question whether the applicant for the permit plans to comply with the ordinances. If he does, then he is entitled to the permit. By the demurrer appellant city concedes that the defendant has brought himself within the provisions of the ordinances.

Assuming that the ordinances of the city (except the one prohibiting one-story structures) were within the power of the city to enact, the enforcement of them by the city, as disclosed by the answer, was arbitrary and unlawful, and therefore the por-

tion of the answer demurred to stated a defense to the cause of action.

The order appealed from is affirmed.